**Julio Cesar ARRIAGA–BRITO; Maria Zoraida Zamora-Guizar, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73871.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Philippe Dwelshauvers, Esq., Fresno, CA, for Petitioners.

---

R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., Scott A. Chutka, Esq., U.S. Dept of Justice Office of Justice Programs Office of General Counsel, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN Circuit Judges.

### MEMORANDUM **

Julio Cesar Arriaga–Brito and Maria Zoraida Zamora–Guizar, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez– Cruz v. INS,* 255 F.3d 775, 779 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

We also lack jurisdiction to review the BIA's December 28, 2005 order denying the petitioners' motion to reopen based on ineffective assistance of counsel because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

To the extent the petitioners contend the BIA violated their due process rights when it denied their motion to accept an untimely brief, the contention is unavailing because the record shows the briefing schedule was mailed to the address of record and the BIA did not summarily dismiss the appeal for failure to file a timely brief. *Cf. Singh v. Ashcroft,* 362 F.3d 1164, 1168–69 (9th Cir.2004) (finding a due process violation where BIA sent briefing schedule and transcript to wrong address); *Garcia–Cortez v. Ashcroft,* 366 F.3d 749, 752–54 (9th Cir.2004) (finding due process violation where BIA summarily dismissed the petitioners' appeal based on their untimely briefs even though notice of appeal set forth contested issues).

We do not consider the documents submitted with the petitioners' opening brief because our review is limited to the administrative record on which the order of removal is based. *See* 8 U.S.C. § 1252(b)(4)(A).

The petitioners' motion for arbitration and to reset the briefing schedule as to the reply brief is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.